# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COLUMBIA

Christopher Dewan Robertson ,   )
    *Plaintiff*           )
                    )
Vs.                ) Case No:
                    )
                    )
Frank Strata, Core Civic, Damon   )
Hininger, Grady Perry, Damon    )
Hininger, Helen Moon, Leah R.    )
Thomas, Chris Crysler, Lee Dotson, )
Cole Turman, et al.          )
                    )
                    )
                    )
    *Defendants,*      )

RECEIVED

JUN 1 1 2024

U.S. District Court
Middle District of TN

---

## 42 U.S.C. § 1983  COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND INJUNCTIVE RELIEF

---

Christopher . Robertson ; TDOC  #322628
S.C.C.F.; P.O.Box # 279
Clifton  Tenn, 38425

1

# TABLE OF CONTENTS

I.      INTRODUCTION:.................................................................................4

II.     STATEMENT OF CASE:.................................................................4

III.    JURISDICTION:.................................................................................5

IV.     VENUE:.............................................................................................6

V.      TIMELINESS:....................................................................................6

VI.     EXHAUSTION OF REMEDIES:.....................................................7

VII.    PARTIES...........................................................................................7

VIII.   STATEMENT OF FACTS:................................................................9

        (i)     Specific acts of Defendants Core Civic, CEO Damon Hininger, Grady Perry, Danny Dodd, Lee Brewer, Rubenard Risper, and Helen Moon demonstrating both intent and knowledge in furtherance of Plaintiff's unequal treatment...............................................................12

        (ii)    Corporate Liability Of The Aforementioned Defendants:.................16

        (iii)   Specific acts of Defendants Frank Strada, Leah R. Thomas, Lee Dotson, Kevin Genovese, Cole Turman (CMO) and Chris Chrysler (CMC), demonstrating both intent and knowledge in furtherance of Plaintiff's unequal treatment...............................................................19

IX.     CAUSES OF ACTION:......................................................................22

        (A)     FIRST  CLAIM FOR RELIEF (14th Amendment; Equal protection Clause) 22

        (B)     SECOND CLAIM FOR RELIEF (14th Amendment; Equal protection Clause) ...................................................................................24

        (C)     THIRD  CLAIM FOR RELIEF (14th Amendment; Equal protection Clause) ...................................................................................26

        (D)     FOURTH CLAIM FOR RELIEF (14th Amendment; Equal protection Clause) ...................................................................................29

        (E)     FIFTH CLAIM FOR RELIEF (Title IX)......................................31

2

(F) SIXTH CLAIM FOR RELIEF (Denial of Access to the Courts; 1st Amendment right to Petition Clause; 14thAmendment Due Process Clause)....................................................................................................34

    (i) New Changes in Tennessee Appellate Procedure require that Plaintiff be given access to a tablet in order to effectively access the courts:.....................................................................34

    (ii) Not having access to a tablet in light of the Tenn. Appellate Rules mandating digitization of records, imposes a new *de-facto* tax on Plaintiff, in terms of requiring him to pay for copies of the printed record in order to effectively access the courts:...................................................................................36

(G) SEVENTH CLAIM FOR RELIEF (Tenn. Code Ann. § 1-3-121)................39

(H) EIGHTH CLAIM FOR RELIEF (State Tort Claim: Negligence).................40

(I) NINTH CLAIM FOR RELIEF (State Tort Claim: Civil Conspiracy)...........41

X. Relief:....................................................................................................................42

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COLUMBIA

**Christopher Dewan Robertson ,**       )
)
       *Plaintiff,*       )
       vs.       ) **Case No.**
       )
**Frank Strata, Core Civic, Damon**       )
**Hininger, Grady Perry, Damon**       )
**Hininger, Helen Moon, Leah R. Thomas;**       )
**Chris Chrysler, Lee Dotson, Cole**       )
**Turman,** *et al.*       )
       )
       )
       )
       *Defendants,*       )

---

## 42 U.S.C. § 1983  COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND INJUNCTIVE RELIEF

---

## I.    INTRODUCTION:

1.      Comes now the Plaintiff Christopher D. Robertson , *pro se*, with the instant 42 U.S.C. § 1983 civil rights action seeking, *inter alia*, Declarative and Injunctive Relief.

## II.    STATEMENT OF CASE:

2.      Plaintiff Christopher Robertson [1] is filing the instant action against: (i) Core Civic, (ii) Prison Officials at South Central Correctional facility; and (iii) various officials who work for the Tennessee Department of Correction.

---

[1] Herein after Plaintiff or Plaintiff Robertson.

4

3. Plaintiff is seeking redress of on going violations of his Constitutional rights by individuals acting under the color of state law.

4. The plaintiff also seeks preliminary injunctive relief enjoining the defendant's from continuing their discriminatory actions.

5. Plaintiff also alleges the State torts of Negligence, and civil conspiracy.

## III.   JURISDICTION:

6. This cause rises directly under: (i) both the Due Process and Equal protection clauses of the 14th Amendment of the United States constitution; (ii) the Freedom of Expression and Freedom to Petition Clauses of the 1st Amendment of the United States constitution; and (iv) Privileges and immunities Clause Art; U.S. CONST. art. IV, 2, cl. 1;

7. This cause rises under **42 U.S.C. § 1983** (*Civil Rights Violations*) to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

8. This cause rises under **20 U.S.C. § 1681(a)** (*Title IX Educational Amendments*) to redress on going discrimination and unequal treatment by individuals receiving federal funding.

9. This Court has subject matter jurisdiction under **28 U.S.C. § 1331** (*Federal question*); **28 U.S.C. § 1343** (*Civil rights*)

10. This court has supplemental jurisdiction over Plaintiff's State law claims under **28 U.S.C. § 1367** (*Supplemental Jurisdiction*) because these claims are related to the

5

Plaintiff's federal law claims and arise out of a common nucleus of related facts.

11. Plaintiff's State law claims are related to his Federal law claims such that they form part of the case or controversy under Article III of the U.S. Constitution.

12. Declaratory relief is authorized by **Rule <u>57</u>, Fed.R.Civ.P.** (*Declaratory Judgment*) and **28 U.S.C. §2201** (*Declaratory Judgment Act,*)

## IV.  VENUE:

13. The Middle District at Columbia is the proper venue for the instant compliant pursuant to **28 U.S.C. § 1391(b)** because the Defendant's reside in this district and a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

## V.  TIMELINESS:

14. All of the said claims brought under 42 U.S.C. § 1983 are based on actions of individuals acting under the color of state law, which have occurred within the last 12 months.

15. All other claims are timely according to their respective statutes of limitations.

16. In the State of Tennessee the §1983 claims in the instant action are governed by the personal injury one-year statue of limitation's applied to civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statues. *Johnson v. Corr. Corp. of America*, 2006 Tenn.App. Lexis 70, (Dec. 19th, 2005).

6

## VI.    EXHAUSTION OF REMEDIES:

17.    Plaintiff avers that he has exhausted his administrative remedies for each and every claim being presented in the instant suit, by filing a grievance and pursuing said grievance through all 3 levels of the appellate process as required by T.D.O.C. Policy 501.01 *Inmate Grievance Procedures.*[2]

18.    In order to demonstrate exhaustion of his administrative remedies offered here at S.C.C.F., Plaintiff has attached a copy of the said grievance to the instant complaint. See **(Attached Exhibit #1_ Grievance 29409/360156 Dated July 10th, 2023)**

19.    In the context of the instant suit, Plaintiff has "exhaust[ed all of the available] administrative remedies" under **28 U.S.C. § 1997(e)**  see *Brown v. Toombs,* 139 F.3d 1102, 1104. (C.A.6 (Mich.) 1998)

20.    With respect to the Title IX claims brought in the instant suit, Title IX "has no administrative exhaustion requirement and no notice provisions. Under its implied private right of action, plaintiffs can file directly in court and can obtain the full range of remedies." *Fitzgerald v. Barnstable Sch. Comm.,* 555 U.S. 246, 255, 129 S. Ct. 788, 172 L. Ed. 2d 582 (2009) (citations omitted).

## VII.    PARTIES

21.    Christopher D. Robertson, TDOC #322628 is the Plaintiff and is presently incarcerated in a State Correctional facility located at S.C.C.F.; P.O. Box # 279; Clifton, Tennessee, 38425.

---

[2] See https://www.tn.gov/content/dam/tn/correction/documents/501-01.pdf)

## I. **LIST OF DEFENDANTS AND THEIR ADDRESSES**

22. Core Civic, is a R.E.I.T., located at 5501 Virginia way, suite 110 Brentwood, TN 37027, it is being sued in both its official and personal capacity.

23. Grady Perry is the Warden at South Central Correctional Facility PO BOX 279 CLIFTON, TN 38425. He is being sued in his official capacity and Personal Capacity.

24. DAMON T. HININGER, is the Chief executive officer of Core Civic, and he is located at 5501 Virginia way, suite 110 Brentwood, TN 37027. He is being sued in his official capacity and Personal Capacity.

25. Danny Dodd, is the Associate Warden of Operations at South Central Correctional Facility PO BOX 279 CLIFTON, TN 38425. He is being sued in his official capacity and Personal Capacity.

26. Lee Brewer is the Chief of Unit Managers at South Central Correctional Facility PO BOX 279 CLIFTON, TN 38425. He is being sued in his official capacity and Personal Capacity.

27. Rubenard Risper, is currently the Warden at Trousdale Prison, 140 Macon Way; Hartsville Tenn. 37074, However, he was the former chief of security at S.C.C.F. He is being sued in his official capacity and Personal Capacity.

28. Helen Moon is the Associate Warden at South Central Correctional Facility PO BOX 279 CLIFTON, TN 38425. She is being sued in his official capacity and Personal Capacity.

8

29. Kevin Genovese, is an official employee at South Central Correctional Facility PO BOX 279 CLIFTON, TN 38425. He is being sued in his official capacity and Personal Capacity.

30. Chris Chrysler,. South Central Correctional Facility. PO BOX 279 CLIFTON, TN 38425. He is being sued in his official capacity and Personal Capacity.

31. Cole Turman is a Contract Monitor who works at South Central Correctional Facility (herein after S.C.C.F.) but is an actual employee of the Tennessee Department of Corrections, located at the Rachel Jackson Bldg 6th fl, 320 6th Ave N. Nashville, TN 37243-0465. He is being sued in his official capacity and Personal Capacity.

32. Frank Strata,  is the current TDOC Commissioner, located at Rachel Jackson Bldg 6th fl, 320 6th Ave N. Nashville, TN 37243-0465. He is being sued in his official capacity and Personal Capacity

33. Lee Dotson, is an Assistant Commissioner located at the Rachel Jackson Bldg 6th fl, 320 6th Ave N. Nashville, TN 37243-0465. He is being sued in his official capacity and Personal Capacity.

## VIII.  STATEMENT OF FACTS:

34. At all times relevant for the purposes of the instant suit, Plaintiff Robertson  is an inmate currently serving a life sentence, at South Central Correctional facility.

35. With respect to the Tennessee Department of Correction, there are operating protocols codified in  a system of indices commonly referred as "TDOC Policy."

36. These TDOC policy indices, in turn are a collection of enumerated regulations which govern the daily operations and management of all TDOC facilities, including those operated by private companies such as South Central Correctional Facility, (herein after S.C.C.F.) run by Defendant Core Civic.

37. One such TDOC policy "*Kiosk Services 507.03*", establishes a "policy and procedure for the [inmate's] operation and use of tablets" **(Attached Exhibit #2_TDOC policy #507.03(VI)(J)).**

38. The original version of said policy was implemented by Defendant Stada's predecessor, former TDOC Commissioner Tony Parker in 2016.

39. The current TDOC Commissioner, Defendant Frank Strada, has continued implementation of **TDOC policy 507.03.**

40. Defendant Strada, however directs the implementation of TDOC policy 507.03 in such away as to allow ONLY women housed in TDOC facilities to possess, own and use tablets pursuant to **TDOC policy #507.03**.

41. Defendant Strada, specifically forbids all Men housed in TDOC facilities to possess, own and use tablets pursuant to **TDOC policy #507.03**.

42. Plaintiff Robertson is a biological man whose sex/gender identity from birth has been, currently is and shall forever be, male.

43. As a result of this discriminatory *de-facto* custom and policy only women housed in State prison facilities, (.i.e. Tennessee's women's Prison in Nashville, and West Tennessee State Prison in Lauderdale county, etc..) have been and are currently able

10

to, possess, own and use tablets pursuant to TDOC policy #507.03. See **(Attached Exhibit #3_Affidavit of LaKisha Smith #267408; W.T.S.P. 480 Green Chapel Rd.; Henning, Tennessee 38014)**

44. Defendant Damon Hininger, as CEO of Defendant Core Civic, operates numerous correctional facilities through out the United States for both State governments and local governments; as well as Federal Governments.

45. Defendants Core Civic, and Damon Hininger operate numerous facilities wherein women inmates are housed.

46. Defendants Core Civic, and Damon Hininger allow women at these facilities to access and possess tablets.

47. Defendants Core Civic, and Damon Hininger in agreement with Defendant Frank Strada, have intentionally implemented TDOC policy 507.03 in a purposefully discriminatory manner, which grants access, use and ownership of tablets *to one, and only one,* specific Gender Class, *to-wit:* women; housed at womens' facilities in the TDOC and privately managed facilities in the State of Tennessee.

48. For all intents and purposes Plaintiff Robertson is similarly situated to adult women incarcerated in women's prisons in the state of Tennessee.

49. There are no security concerns nor relevant structural barriers (i.e. electrical infrastructure, staffing, etc..) that would justify this disparate and unequal treatment of Plaintiff Robertson from the treatment similarly situated female inmates receive in TDOC facilities that house women.

11

50. In terms of the staffing levels and training needed to implement and effectively manage and/or operate the tablet program pursuant to TDOC policy 503.07, the institutional circumstances/conditions of Plaintiff Robertson at S.C.C.F. are not materially different from those of similarly situated female inmates incarcerated at women's facilities in the TDOC.

51. In terms of the minimal equipment and infrastructure needed to implement and effectively manage and/or operate the tablet program pursuant to TDOC policy 503.07, the circumstances of Plaintiff Robertson at S.C.C.F. are virtually identical to those of similarly situated female inmates incarcerated at womens' facilities in the TDOC.

> **(i)** **Specific acts of Defendants Core Civic, CEO Damon Hininger, Grady Perry, Danny Dodd, Lee Brewer, Rubenard Risper, and Helen Moon demonstrating both intent and knowledge in furtherance of Plaintiff's unequal treatment**

52. At all TDOC facilities, both state and privately managed ones there are "inmate councils" which are basically *ad Hoc* committees, convened to present inmates' complaints, needs, and concerns to the administration in an official meeting format every month. See TDOC 503.04 *Inmate Counsel*

53. Inmate council meetings are attended by appointed inmate council members, and designated prison administration Staff.

54. Defendant Perry has attended dozens of such meetings since the beginning of his tenure at S.C.C.F. as Warden in fiscal year 2018-19.

55. The fact that women have been given access to tablets pursuant to policy 507.03 has

12

been brought to Defendant Perry's attention on countless occasions during many such meetings and in other less formal settings since he became Warden.

56. Defendant Perry has consistently acknowledged that women inmates have access to tablets.

57. Defendant Perry, along with defendants Danny Dodd, Lee Brewer, Rubenard Risper, and Helen Moon have all clearly stated that they have no intentions on initiating, allowing, implementing tablet Programs at S.C.C.F. .

58. Defendant Perry Defendant Perry, along with defendants Danny Dodd, Lee Brewer, Rubenard Risper, and Helen Moon in previous statements have all clearly acknowledged that he is in fact enforcing a discriminatory policy based on sex/gender, when he personally responded to a biological male inmate's grievance filed in 2022 at S.C.C.F. .

59. Instead of attempting to remedy the sex/gender discriminatory tablet policy and end its enforcement  he answered this grievance two years ago, in December 2022 by saying "I don't have a tablet either". *Curtis Danial Hart #99510 v. Frank Strada*; No: 1:23-cv-00009 (M.D. Tenn.)(EFC No 23; PageID# 87)

60. Defendant Perry has even gone so far as to personally reject the recommendation of the S.C.C.F. grievance committee that agreed with Plaintiff's requested solution for ending the discriminatory practices inherent in the defendant's implementation of the tablet program.

61. The S.C.C.F. grievance committee's own findings and recommendations were that:

13

> "Due to female facilities having access [to tablets]...and male facilities not....procedures need to be put in place to ....follow policy on tablets..."**(Attached Exhibit #1_ Grievance 29409/360156; Dated 6-13-23; Re: Committee Response Dated June 28ᵗʰ, 2023)**

62.    The grievance Board recognized and attempted to remedy the central basis of Plaintiff Robertson grievance, regarding discriminatory treatment.

63.    However, Defendant Perry rejected this sensible and Constitutionally curative recommendation of the Grievance Board, and plainly stated that he "disagreed w[tih] the b[oard's] recommendation" (id) that Plaintiff Robertson be treated equally.

64.    In effect Defendant Perry has clearly expressed his position that Core civic's enforcement of a sex/gender-based discriminatory policy is appropriate because "Tablets is not a grievable subject...." **(Attached Exhibit #1_ Grievance 29409/360156; Perry response Dated July 3ʳᵈ, 2023)**

65.    Defendant Perry has unequivocally stated that his decision not to allow access to tablets by Plaintiff or any other biological male inmates at S.C.C.F. , was the result of both his personal preference, and dictates from his boss Defendant Hininger, CEO of Core Civic.

66.    In fact *Core Civic Policy 510-01 APS, Recreation Programs*, Dated September 1, 2017 expressly grants Defendant Perry, through executive order of Defendant Hininger, the ability to grant Plaintiff access to tablets via:

> "...special requests for recreation/leisure-time actives shall be forwarded to the [Defendant Perry who]...may grant permission of these activities. ."
> **Policy 510-01(III)(A)(4) Dated September 1, 2017**

14

67. Defendants Perry and Hininger have made the personal decision to deny biological male inmates like Plaintiff Robertson  access to tablets on numerous occasions.

68. Defendant Perry has verbally confirmed that "his boss", Defendant Damon Hininger, is well aware of the fact that similarly situated female inmates at women's prisons in the TDOC have access to tablets.

69. Defendant Perry has clearly explained that both he and his boss, Defendant Hininger understand that female inmates housed at women's prisons, are afforded the right to own, possess and use tablets, pursuant to TDOC Policy 507.03 for no other reason other then their sex.

70. Despite this clear understanding of unequal treatment based on Plaintiff Robertson ' sex/gender Defendant Perry has steadfastly refused to give Plaintiff equal access to tablets.

71. Defendant Rubenard Risper, had facilitated Plaintiff's continued denial of  equal protection to access the tablets because she affirmed the denial of Plaintiff's request for access to tablets, when she gave her personal response to his grievance.

72. Defendant Rubenard Risper, has clearly expressed that her enforcement of a discriminatory tablet policy was willful and intentional because "Core civic & TDOC has not approved tablets  here at SCCF" **(Attached Exhibit #1_ Grievance 29409/360156 Dated July 5th, 2023)**

73. In terms of Plaintiff Mathew's access to opportunities provided for in Policy 507.03, Defendants Core Civic, Damon Hininger, and Warden Perry have

15

intentionally implemented said policy based on a de *facto* custom, practice and tradition of discriminatory sex/gender preferences which limit tablet access to women only.

74. In terms of Plaintiff Mathew's access to opportunities provided for in Policy 507.03, Defendant Core Civic, Warden Perry, Damon Hininger, and Helen Moon have intentionally enforced and sustained a policy based on a de *facto* custom, practice and tradition of discriminatory sex/gender preferences which denies Plaintiff's access to tablets because he is a biological male.

### (ii) Corporate Liability Of The Aforementioned Defendants:

75. A private corporation that performs the traditional state function of "..operating a prison acts under the color of state law..." [3]

76. Defendant Core Civic, as well as Defendants Hininger, Perry and Moon are properly named defendants in the instant suit because although, technically they are private entities, they pass the public function test and act under the color of state law[4].

77. The aforementioned defendants were "acting under color of state law" in that they were performing the "traditional state function" of operating a prison[5].

78. Thus, to prevail on a 1983 claim against Core Civic Plaintiff Robertson , must show, and has shown, that "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation' of his right. [6]

---

[3] *See Thomas v Coble*, 55 F. App'x 748, 748 (6th Cir 2003)
[4] See *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).
[5] See *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993)
[6] See *Johnson v Corr. Corporation. Of Am.* 26 F App'x 386, 388 (6th cir 2001).

16

79.     Plaintiffs sexual discrimination claims specifically against Core civic are appropriate because this sole corporation is the responsible moving force behind the *de facto* customs, policies and regulations, **at issue in the instant suit,** that govern the operation of South Central Correctional Complex.

80.     The actions of Defendant's Core Civic, Damon Hininger and Warden Perry resulted in sex/gender based discrimination against Plaintiff, by a *de-facto* custom and policy of their own design.

81.     Defendant's Core Civic, Damon Hininger and Warden Perry have the authority and jurisdiction to implement policies to achieve the goals of equal access to tablets in a sex/gender neutral manner if they chose to do so.

82.     Defendant Core Civic along with its agents Damon Hininger and Warden Perry have and do exercise a considerable level of discretion on a daily basis as to how to implement, follow or enforce a plethora of TDOC policies.

83.     If these defendants wanted to end the practice of denying Plaintiff Robertson ' access to tablets, based on his sex/gender they could very easily do so, by providing access said tablets immediately.

84.     For instance, **TDOC Policy 504.01** *Memorandum Items #51 and # 71*, gives express authority to Defendants Core Civic, Damon Hininger and Warden Perry to give Plaintiff immediate access to tablets, because it states in pertinent part:

51.     Approved Third Party Vendor Tablet, charger and flexible keyboard (1 only) (where Applicable)

71. Approved personal item (1) generated from within the institution as a result of recreational or arts and crafts programs, as well as items permitted as a result of an incentive, honor, grade level, work, educational or religious program, may be permitted by the Warden/Superintendent, provided none constitutes a safety or security hazard and provided the six cubic feet limit is not exceeded. Any item in that section may be authorized only with the understanding that when the inmate is transferred to another institution, these items must be disposed of in accordance with Policy #504.02, if not allowed at the receiving institution.

**(Attached Exhibit #4_TDOC policy #504.01)**

85. Based on their discretionary implementation of TDOC policy Defendants Core Civic, Damon Hininger and Warden Perry, should they chose to do so, could very easily give Plaintiff Robertson access to either an "approved third party vendor tablet" or "..[a tablet like device] permitted as a result of incentive, honor, grade level work, education or religious.." programming. (,id)

86. Further proof of Defendants Core Civic, Hininger and Perry's exercise of authority to implement *de-facto* customs, policies and regulations, **at issue in the instant suit,** is demonstrated through an analysis of their enforcement of the said property memo.

87. Defendants Core Civic, Hininger and Perry exercise the exclusive authority to implement TDOC 507.03 predicated upon the discretionary contours of TDOC Policy 504.01, *Inmate Property Memorandum*: which states in pertinent part:

> In accordance with Tennessee Department of Correction Policy #504.01, the following is a complete listing of personal property that inmates may possess within the six cubic feet limit other than exceptions. Restrictions or modifications to this list may be effected by institutional Wardens as outlined in Policy #504.01.
> **(Attached Exhibit #4_TDOC policy #504.01)**

88. This property memo is a directive from Defendant Strada, in the form of an official Policy, which specifically allows inmates in the TDOC to own, possess and use:

51. Approved Third Party Vendor Tablet, charger and flexible keyboard (1 only) (where Applicable)

**(Attached Exhibit #4_TDOC policy #504.01)**

18

89. However, this same property memo, contains direct unequivocal language that gives Defendants Core Civic, Hininger, and Perry the discretion and authority to impose whatever "<u>Restrictions or modifications to this list</u>", they wish to impose.

90. Defendants Core Civic, Hininger, and Perry have made an intentional and knowing decision to enforce TDOC polices 507.03 and 504.01 pursuant to a non-sex/gender neutral *de facto* custom and policy.

91. These non-sex/gender neutral *de facto* customs and policys have both a discriminatory intent and discriminatory effect of denying Plaintiff Robertson access to a tablet program based on his sex/gender.

### (iii) Specific acts of Defendants Frank Strada, Leah R. Thomas, Lee Dotson, Kevin Genovese, Cole Turman (CMO) and Chris Chrysler (CMC), demonstrating both intent and knowledge in furtherance of Plaintiff's unequal treatment

92. As of January 2023, there were filings/pleadings in a separate federal civil suit, involving yet another male inmate housed at S.C.C.F. prison named Curtis Danial Hart.

93. Defendant Frank Strada, as TDOC Commissioner had, or should have reasonably had, personal first hand direct knowledge[7] that biological males like Plaintiff

---

[7] These facts were firmly set out in yet another pending Federal civil suit against Defendant Strada alleging Sex discrimination in the TDOC regarding female only access to tablets. See *Curtis Danial Hart #99510 v. Frank Strada*; No: 1:23-cv-00009 (M.D. Tenn.)(".. Here, TDOC Commissioner Strada is a state actor, and liberally construing the compliant, Plaintiff asserts violations of federal law in the form of a discrimination claim under fourteenth Amendments Equal Protection clause...") (EFC No 6; PageID# 19)

19

Robertson , were being denied equal protection/equal treatment to under law, with respect to the denial of access to tablets.

94. Defendant Strada knew or should have reasonably known this, because he was named as a defendant, and as of today he is the sole remaining defendant in the said civil suit.

95. Despite this first hand direct knowledge of the unequal treatment and sexual discrimination experienced by biological males like Plaintiff Robertson , Defendant Strada has doubled down on said policy by continuing to enforce it.

96. Defendant Lee Dotson, Assistant Commissioner of Corrections, had first hand direct knowledge that Plaintiff as a male, was being denied equal protection/equal treatment  to access the tablets as of December 2022, based on his personal response to  a grievance filed by a TDOC inmate.

97. Defendant Dotson, was personally put on notice, by the filing of a grievance by yet another male inmate at S.C.C.F., Curtis Danial Hart #99510, in December 2022.

98. Despite this first hand direct knowledge of the unequal treatment and sexual discrimination experienced by biological males like Plaintiff, Defendant Dotson has doubled down on the enforcement of said discriminatory sex/gender based policy.

99. Defendant Cole Turman and Chris Chrysler, are Defendants who work on the physical compound of S.C.C.F.

100. Both defendant's Turman and Chrysler, have personal direct first hand  knowledge that Defendants Perry, Hininger and Core Civic, are denying Plaintiff Robertson

20

access to tablets, based on his sex/gender; because they both reviewed the grievances filed on this matter.

101. They both have been personally told by about the sexual discrimination that biological male inmates are experiencing at S.C.C.F. for several years.

102. Despite being told about the sexual discrimination that Plaintiff Robertson , and every other biological male is experiencing, both defendant's Turman and Chrysler have continued to intentionally and knowingly facilitate enforcement of said discriminatory sex/gender based policy.

103. Defendant Assistant Commissioner Leah R Thomas had knowledge that Plaintiff was being denied equal protection to access the tablets as of June 2023 because she affirmed the denial of Plaintiff's request for access to tablets, when she gave her personal response to his grievance. **(Attached Exhibit #1_ Grievance 29409/360156 Dated July 10th, 2023)**

104. Defendant Thomas agreed that the continued enforcement of the discriminatory policy as announced by Defendant Strata, and adopted by Defendants Core Civic, Hininger, and Warden Perry, was appropriate when she denied Mr. Robertson grievance appeal and signed the denial by indicating she agreed with Defendant Perry's response. **(.id)**

105. Despite this first hand direct knowledge of the unequal treatment and sexual discrimination experienced by biological males like Plaintiff Robertson , Defendant Thomas has doubled down on said policy by intentionally and knowingly helping to

21

enforce said discriminatory sex/gender based *de facto* custom.

## IX.   CAUSES OF ACTION:

**(A)    FIRST  CLAIM FOR RELIEF (*14ᵗʰ Amendment; Equal protection Clause*)**

> **a.**  Refusing to allow plaintiff, as a biological Male inmate, to access Institutional programming that includes access to Tablets, while allowing other similarly situated female inmates to do so, on the basis of their sex/gender, violates Plaintiff's 14th Amend Equal protection rights.

106.  Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

107.  In general, the Equal Protection Clause requires the government to treat similarly situated people alike[8].

108.  In order for plaintiff Robertson  to proceed with an equal protection claim, he ".. must establish that [he] was accorded treatment unequal to that of [his female] counterparts."[9].

109.  In a prison environment specifically, the standard for satisfying the Equal Protection Clause of the Fourteenth Amendment is to assure that "sufficient parity has been achieved between male and female inmates."[10]

110.  Under the said test for "parity of treatment" Defendants have failed in their obligations, to provide Plaintiff Robertson  with sufficiently equal treatment, as required by *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64

---

[8]  See <u>Klinger v. Dep't of Corr.</u>, 31 F.3d 727, 731 (8th Cir. 1994).
[9]  *See Sullivan v. City of Cleveland Heights,* 869 F.2d 961, 963 (6th Cir. 1989).
[10] *See Glover v. Johnson, 35 F. Supp. 2d 1010, 1011 (E.D. Mich), aff'd, 198 F.3d 557 (6th Cir. 1999).*

22

(1987). which holds that: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."

111. Stated simply, the defendant's action in treating Mr. Robertson differently for no reason other then his sex/gender, violates the 14th amendment because such a facially discriminatory policy is not "…. reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

112. Subjecting Plaintiff Robertson to such wildly dissimilar treatment under the Equal Protection Clause, based on his sex, is not permissible because such actions can not and do not satisfy the "…reasonable relation standard articulated in *Turner*."

113. There is no legitimate penological interest in supporting the current *de facto* custom, policy and regulation, **at issue in the instant suit**, of allowing female inmates to have access to tablets, and not allowing the same access to similarly situated biological male inmates like Plaintiff Robertson , by virtue of his sex/gender.

114. Such discrimination based on sex/gender violates the right to equal protection under the XIV Amendment to the U.S. Constitution,

115. Each of the herein named defendants, in the instant claim; *to-wit:* Core Civic, Damon Hininger Grady Perry, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese, Frank Strada, Leah R. Thomas, Lee Dotson, Cole Turman (CMO) and Chris Chrysler (CMC) are acting under the color of State law.

23

116. Each of the aforementioned defendants are: (i) directly and/or indirectly responsible for Plaintiff's treatment with respect to him being denied the opportunity to participate in tablet related programs and activities, due to his sex/gender.

117. Each of the aforementioned defendants, are acting with discriminatory intent to the extent that they are jointly or individually treating Plaintiff, as a biological male, differently then they treat other similarly situated female inmates.

118. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer a violation of his XIV Amendment rights to equal treatment.

119. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer irreparable harm, which will continue absent declaratory and injunctive relief.

**(B)** **SECOND CLAIM FOR RELIEF (*14th Amendment; Equal protection Clause*)**

        **a.** Refusing to allow plaintiff, as a Biological Male inmate, to participate in Recreation programming that includes access to Tablets, while allowing other similarly situated female inmates to do so, on the basis of their sex/gender, violates Plaintiff's 14th Amend Equal protection rights

120. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

121. TDOC policy 510.01(VI)(1)&(6) *Recreation Programs* is a policy, that the defendant's have implemented and it it's purpose is to: "To establish general guidelines for the management of recreation and leisure time programs for

inmates." **(Attached Exhibit #5_TDOC policy #510.01).**

122. Policy 510.01(VI)(C)(1)&(6) states in pertinent part:

1. All inmates shall be encouraged and permitted to take part in leisure time and recreation activities, except where participation may be temporarily restricted for reasons of discipline, security, or health.

6. Inmates may possess one personally owned television, Walkman style radio, and tablet in approved facilities in accordance with the Policy #504.01 and subject to the following conditions:

123. In furtherance of the recreation Policy, there is another TDOC Policy 504.01

Memorandum Item# 51, which states in pertinent part:

51. <u>Approved Third Party Vendor Tablet, charger and flexible keyboard (1 only) (where Applicable)</u>

**(Attached Exhibit #4_TDOC policy #504.01)**

124. There is no legitimate government interest in supporting the current Policy of allowing women to participate in the aforementioned recreation policy, and not allowing the same recreational policy access to similarly situated inmates like Plaintiff Robertson , because of his sex/gender.

125. Such discrimination based on Plaintiff's sex/gender violates the right to equal protection under the XIV Amendment to the U.S. Constitution,

126. Each of the herein named defendants, in the instant claim; *to-wit:* Core Civic, Damon Hininger Grady Perry, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese, Frank Strada, Leah R. Thomas, Lee Dotson, Cole Turman (CMO) and Chris Chrysler (CMC) are acting under the color of State law.

127. Each of the aforementioned defendants are: (i) directly and/or indirectly responsible

25

for Plaintiff's treatment with respect to him being denied the opportunity to participate denied the opportunity to participate in the aforementioned policy based programs and activities, due to his sex/gender.

128.  Each of the aforementioned defendants, are acting with discriminatory intent to the extent that they are jointly or individually treating Plaintiff, as a biological male, differently then they treat other similarly situated female inmates.

129.  As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer a violation of his XIV Amendment rights to equal treatment.

130.  As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer  irreparable harm, which will continue absent declaratory and injunctive relief.

**(C)    THIRD  CLAIM FOR RELIEF (*14th Amendment; Equal protection Clause*)**

     **a.**   Arbitrarily forcing plaintiff to have to pay exorbitant postage fees and copy costs for filing legal pleadings while allowing other similarly situated biological female inmates the opportunity to e-file pleadings, on the basis of their sex/gender, violates Plaintiff's 14th Amendment Equal protection rights

131.  Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

132.  Female inmates, have  the ability to access e-filing capabilities and e-mail Courts (i.e. Court clerks, opposing Counsel, etc..) pursuant to TDOC policy 507.03(VI)(H) which states in pertinent part:

26

H. Inmate E-mail
1. Inmates may ...send and receive electronic messages to and from their AKLs[Approved Kiosk List (AKL): A list of persons with whom the inmate may have contact via the kiosk system through email and video visitation.] **(Attached Exhibit #2_TDOC policy #510.01).**

133. There are a plethora of new innovative E-filing systems that facilitate easy, efficient and virtually no cost Court access, for biological women housed as inmates in TDOC facilities.

134. A sampling of these financially beneficial rules that that are available to assist biological female inmates in the TDOC, who have access to tablets, would include:

> Tenn. R. Civ. P. Rule 5B *ELECTRONIC FILING, SIGNING, OR VERIFICATION* : (1) Any court governed by these rules may, by local rule, allow documents to be filed, signed, and verified by registered users of an E-filing system. Any local rule that allows documents to be E-filed may also allow such documents to be E-served. Pleadings and other documents filed or served electronically under any such local rule shall be considered the same as written documents filed ...

> Tenn. R. Sup. Ct.;   Rule 46A. *Electronic Service of Papers E-Filed Pursuant to Local Rules of Court.*(c)  "E-Filing system" means a system adopted by local rule of any Circuit, Chancery, Criminal, Probate, Juvenile or General Sessions Court Clerk that allows for the E-filing of documents and is in compliance with the technological standards promulgated by the Tennessee Supreme Court. served by conventional means.

>  Tenn. R. Civ. P. 5.02. .(2)  (a)   *Service — How Made:* "...Service on any attorney or on a party may also be made by emailing the person the document in Adobe PDF to the recipient's email address, which shall be promptly furnished on request. The sender shall include language in the subject line designed to alert the recipient that a document is being served under this rule.

135. The significance of this is that for female inmates in the TDOC these rules  virtually eliminate the exorbitant postage costs and costs of paying for the physical copies of pleadings to be filed in the Courts because women in the TDOC, with access to tablets and emailing capabilities, can simply access e-filing platforms, via their e-mail accounts.

27

136. Whereas Plaintiff Robertson , who still must access the Court the old outdated way, has had to pay hundreds of dollars over the last several years, for postage and physical copies to serve on the court and opposing counsel.

137. There is no legitimate government interest in supporting the current *de facto* custom and policy of allowing biological women to have access e-filing capabilities, for little to no costs, while not allowing the same drastically reduced court cost access to similarly situated biological male inmates like Plaintiff Robertson , because of his sex/gender.

138. Such discrimination based on sex/gender violates Plaintiff Robertson rights to equal protection under the XIV Amendment to the U.S. Constitution,

139. Each of the herein named defendants, in the instant claim; *to-wit:* Core Civic, Damon Hininger Grady Perry, R. Risper, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese, Frank Strada, Leah R. Thomas, Lee Dotson, Cole Turman (CMO) and Chris Chrysler (CMC) are acting under the color of State law.

140. Each of the aforementioned defendants are: (i) directly and/or indirectly responsible for Plaintiff's treatment with respect to him being denied the opportunity take advantage of court rules that allow access e-filing capabilities, for little to no costs, because of his sex/gender.

141. Each of the aforementioned defendants, are acting with discriminatory intent to the extent that they are jointly or individually treating Plaintiff, as a biological male, differently then they treat other similarly situated female inmates, with respect to

28

Plaintiff being denied the opportunity take advantage of court rules that allow access e-filing capabilities, for little to no costs, because of his sex/gender.

142.  As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer a violation of his XIV Amendment rights to equal treatment.

143.  As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer irreparable harm, which will continue absent declaratory and injunctive relief.

**(D)    FOURTH CLAIM FOR RELIEF (*14th Amendment; Equal protection Clause*)**

> **a.**   Allowing only biological female inmates the opportunity to have remote video visitation while arbitrarily denying plaintiff the ability to do so, because of his sex/gender violates Plaintiff's 14th Amendment Equal protection rights

144.  Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

145.  Female inmates, have  the ability to receive and participate in remote video visitation with friends, and loved ones pursuant to TDOC policy 507.03(VI)(E), which states in pertinent part:

> Inmate E-mail E. Video Visitation..... Inmate eligibility: All eligible inmates may use video visitation as per the guidelines established in Policies #507.01 and #503.08. **(Attached Exhibit #2_TDOC policy #510.01)**

146.  In *Overton v. Bazzetta*, 539 U.S. 126, 123 S. Ct. 2162, 156 L. Ed. 2d 162 (2003), the Supreme Court stated that: "..We have said that the Constitution protects "certain kinds of highly personal relationships" . . . [a]nd outside the prison context,

29

there is some discussion in our cases of a right to maintain certain familial relationships, including association among members of an immediate family and association between grandchildren and grandparents" .*Id*. at 131 (citations omitted)

147. There is no legitimate government interest in supporting the current *de facto* custom and policy of allowing women to have remote video visitation, while not allowing the same access to similarly situated male inmates like Plaintiff Robertson , because of his sex/gender.

148. Such discrimination based on sex/gender violates Plaintiff Robertson ' rights to equal protection under the XIV Amendment to the U.S. Constitution, especially when inmates like plaintiff have no family in the state of Tennessee and have never had the ability of his family to visit him.

149. Each of the herein named defendants, in the instant claim; *to-wit:* Core Civic, Damon Hininger Grady Perry, R. Risper, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese, Frank Strada, Leah R. Thomas, Lee Dotson, Cole Turman (CMO) and Chris Chrysler (CMC) are acting under the color of State law.

150. Each of the aforementioned defendants are: (i) directly and/or indirectly responsible for Plaintiff's treatment with respect to him being denied the opportunity to participate in video-visitation related programs and activities.

151. Each of the aforementioned defendants, are acting with discriminatory intent to the extent that they are jointly or individually treating Plaintiff, as a biological male, differently then they treat other similarly situated female inmates, with respect to

Plaintiff being denied the opportunity to participate in video-visitation related programs and activities.

152. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer a violation of his XIV Amendment rights to equal treatment.

153. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer irreparable harm, which will continue absent declaratory and injunctive relief.

### (E) FIFTH CLAIM FOR RELIEF (Title IX)

      **a.** Allowing only Biological women to participate in educational opportunities offered pursuant to TDOC Policy 507.03 discriminates against Plaintiff on the bases of sex in direct violation Title IX of the Education Amendments of 1972.

154. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

155. Title IX of the Education Amendments of 1972, provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any <u>education program</u> or activity receiving Federal financial assistance." **20 U.S.C. § 1681(a).**

156. With respect to the meaning of "educational program", Title IX, provides in pertinent part "….the term "program or activity" and "program" mean all of the operations of -. . . (2)(B) a local educational agency, system of vocational

education, or other school system; . . . any part of which is extended Federal financial assistance." [11].

157. Tennessee's entire prison system is considered a "program or activity"[12] within the statutory definition. 20 U.S.C. § 1687.

158. The TDOC receives millions of Dollars in Federal Grant money for various educational programs every year.

159. Female inmates, have  the ability to access federally funded educational opportunities pursuant to TDOC policy 507.03(VI)(A).

> Uses: Kiosk services are designed to provide inmates with ...... downloadable content to include books ... and program/educational activities. ........ The Principal/Associate Warden of Treatment (AWT)/Deputy Superintendent (DS) at applicable prisons shall approve educational tablet content and notify the Superintendent of Education prior to content being uploaded. **(Attached Exhibit #2_TDOC policy #510.01)**

160. Pursuant to Title IX Tennessee state  prisons receiving federal funds are required to offer the same opportunities for educational programs and vocational training, including such programs aided by downloadable educational content available through the Kiosk, with out regard to sex/gender.[13]

161. There is no legitimate penological  interest in supporting the current *de facto* custom or Policy of allowing women to have Federally funded educational opportunities, pursuant to TDOC policy 507.03(VI)(A) while not allowing the same access to  similarly situated inmates like Plaintiff Robertson , because of his sex/gender. See

---

[11]   *See Horner*, 43 F.3d at 271 (quoting 20 U.S.C. § 1687)
[12]   See *Klinger v. Dep't of Corr.*, 107 F.3d 609, 615 (8th Cir. 1997). *Roubideaux v. N. D. Dep't of Corr. & Rehab.*, 523 F. Supp. 2d 952 (D.N.D. 2007).
[13]   See *Doe v. Univ. of Ky.*, 357 F. Supp. 3d 620, 2019 U.S. Dist. LEXIS 30909 (E.D. Ky., Jan. 11, 2019) (citing 34 C.F.R. § 106.41(c)).

32

162. Such discrimination based on sex/gender violates Plaintiff Robertson  rights under Title IX of the Education Amendments of 1972.

163. Each of the herein named defendants, in the instant claim; *to-wit:* Core Civic, Damon Hininger Grady Perry, R. Risper, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese,  Frank Strada, Leah R. Thomas, Lee Dotson,  Cole Turman (CMO) and Chris Chrysler (CMC) are acting under the  color of State law.

164. Each of the aforementioned defendants are: (i) directly and/or indirectly responsible for Plaintiff's treatment with respect to him being denied the opportunity take advantage of federally funded educational opportunities because of his sex/gender.

165. Each of the aforementioned defendants, are acting with discriminatory intent to the extent that they are jointly or individually treating Plaintiff, as a biological male, differently then they treat other similarly situated female inmates, with respect to Plaintiff being denied the opportunity take advantage of federally funded educational opportunities because of his sex/gender.

166. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer a violation of  his rights afforded under Title XI.

167. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer  irreparable harm, which will continue absent declaratory and injunctive relief.

33

**(F)** **SIXTH CLAIM FOR RELIEF (***Denial of Access to the Courts; 1st Amendment right to Petition Clause; 14th Amendment Due Process Clause***)**

        **a.** In light of the new Appellate procedures and lack of adequate staffing levels, the Denial of Plaintiff Robertson to utilize a tablet for the mandatory review of new digitized Appellate court records, violates his 1st and 14th Amendment rights

168. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

        **(i)** **New Changes in Tennessee Appellate Procedure require that Plaintiff be given access to a tablet in order to effectively access the courts:**

169. The denial of Plaintiff's access to tablets results in an intentional act of denial of access to the Court's, in light of the new changes to Tennessee Appellate procedures.

170. As of April 19th, 2023 both the Tennessee Court of Criminal Appeals and Tennessee Supreme Court will no longer provide paper copies of Appellate Records.

171. Pursuant to these "Notice-Appellate Record" filing notices*, pro se* incarcerated litigants like Plaintiff are now told:

        The appellate record will be made available to you <u>in an electronic format</u> within a week of the date of this Notice. If you have not previously provided your email address to my office, please send an email to appellatecourtclerk@tncourts.gov and provide your case number along with your name and email address. You will receive an email from appellatecourtclerk [west, east or middle] which will contain instructions on how to access the electronic appellate record. **(Attached Exhibit #6_ 4-17-23 Sample Notice of Tenn.Crim. Ct. App. for Electronic Appellate Record) (Attached Exhibit #7_ 4-27-24 Sample Notice for Electronic Appellate Record )**

172. Pursuant to the Notice effective, April 2023,

> **The Appellate Court Clerk's Office has implemented a new process for distributing the Appellate Record to lead counsel and *pro se* represented litigants. Please read the enclosed Notice carefully for instructions regarding the new process. ) (Attached Exhibit #6_ 4-17-23 Notice of Tenn.Crim. Ct. App. for Electronic Appellate Record)**

173. According to the new Appellate procedures for providing the record to *pro se* incarcerated litigants, like Plaintiff Robertson , with cases before the appellate Court, T.R.A.P. 25 *Motions to withdraw the record,* are now granted[14] by disturbing an <u>exclusively DITIGAL copy</u> of the appellate record.

174. This new rule, on mandatory digitization protocol is binding on all litigants whether or not they are incarcerated and *pro se* like Plaintiff Robertson .

175. Denying Plaintiff the ability to access the pre approved tablets has curtailed, and will continue to necessarily prevent, his ability to effectively review digitized appellate records in his own case.

176. With respect to the instant forward looking denial of access to the Court claims Plaintiff is being hampered because the aforementioned defendants at both S.C.C.F. and the TDOC are imposing obstacles which impede Plaintiff.

177. Due to the aforementioned defendant's continued denial of Plaintiff's access to already pre-approved tablets; they are in effect hindering Plaintiff, to the extent that he can not review, read or use Court provided digitized  legal materials.

178. This hindrance in turn, prevents Plaintiff from being able to effectively comply with the Appellate Rules and access the Courts.

---

[14] Tenn. R. App. P. 25(c) "….Pro se litigants shall be allowed to remove the record from the appellate clerk's office only upon order of the appellate court."

179. In all appellate cases there are transcripts and hearing exhibits in the now digitized appellate record that Plaintiff is obligated to make proper references to in order to satisfy the requirements of T.R.A.P. 27(g), which states in pertinent part:

> Reference in Briefs to the Record......reference in the briefs to the record shall be to the pages of the record involved.

180. The aforementioned Defendant's continued denial of Plaintiff's access to tables constitutes an obstacle because Plaintiff Robertson is now unable to review the digitized record without incurring huge financial costs to print them off so that he can review said files in his cell and draft pleadings which properly cite the record.

181. Plaintiff, absent the ability to access a tablet, can no longer effectively and financially utilize digital copies of the record in order to properly make mandatory references to the record in his future briefs.

      **(ii)    Not having access to a tablet in light of the Tenn. Appellate Rules mandating digitization of records, imposes a new *de-facto* tax on Plaintiff, in terms of requiring him to pay for copies of the printed record in order to effectively access the courts:**

182. Not having access to tablets in light of the new realities of digitized Court records constitutes an unconstitutional *de-facto tax, because* Plaintiff now has to pay for the costs of printing out the record, in order to properly review the record in order to comply with Appellate procedure.

183. There are costs accessed against Plaintiff Robertson in order to print out his digitized appellate record and thoroughly review and cite the record in all future appellate pleadings.

184. This copy fee is 15¢ (fifth teen cents) per copy[15] and the State does not pay these costs; Plaintiff is liable for these copy fees of digitized court records.

185. Therefore, in order to be able to comply with T.R.A.P. 27, Plaintiff has to first be able to view his legal files/appellate record, in a manner that is conducive to study, comprehension and effective recitation.

186. However these records are now given in a default mandatory digitized format by the Appellate Courts.

187. Plaintiff has to therefore pay a *de facto* printing tax, just to be able to print out the record in order to be able to effectively study/review it, which in turn is necessary in order to draft appellate pleadings that comply with court rules.

188. Plaintiff is not arguing that he has any substantive due process right, inherent in the U.S. Constitution itself, to possess a tablet in and of itself.

189. To the contrary, Plaintiff's argument is quiet simple: in light of the new realities of Tenn. Appellate Court rules and the unique size of Plaintiff's case file, with out access to a tablet[16] in order to effectively review his legal materials Plaintiff, he can not comply with Court rules and will have his pleadings denied for failure to do so.

190. His pleadings and briefs, being dismissed because he can't comply with mandatory Appellate Court procedural rules, in effect denies plaintiff Robertson ' ability to

---

[15] Pursuant to TDOC Policy #208.05(VI)(A)(".. Inmates shall be charged for the following services: ... printing reproduction and/or duplication of any kind (copies/print outs should be charged at $.15 per page in accordance with Policy #216.01..")

[16] Or digital e-book like device, that has the ability for Plaintiff to read, study, and review ,text files, document files, or Pdf's of his case file related documents so that he can review his case file confidentially in the confines of his cell.

37

access the Courts.

191. Each of the herein named defendants acting under the color of State law, have created unconstitutional impediments and obstacles that have been and will continue to impede Plaintiff's attempts to access the Court

192. Each of the herein named defendants, in the instant claim; *to-wit:* Core Civic, Damon Hininger Grady Perry, Danny Dodd, Lee Brewer, Rubenard Risper, Helen Moon, Frank Strada, Leah R. Thomas, Lee Dotson, Kevin Genovese, Cole Turman (CMO) and Chris Chrysler (CMC) are acting under the color of State law.

193. Each of the aforementioned defendants are directly and/or indirectly responsible for creating impediments and obstacles that have been and will continue to impede Plaintiff's attempts to access the Court, by depriving him of the ability to access his digitized legal case file, for review on a personally owned tablet

194. Each of the aforementioned defendants, are acting with discriminatory intent to the extent that they are jointly or individually are responsible for Plaintiff being denied the opportunity have access to his digitized legal case file, for review on a personally owned tablet.

195. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer a violation

of his *Due Process* rights under of the Fourteenth Amendment, U.S. CONST amend. XIV,

196. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer a violation of his rights grounded in the *Freedom to petition and freedom of expression* provisions of U.S. CONST. I;

197. As a direct and proximate result of aforementioned Defendant's unlawful conduct, jointly or individually, Plaintiff has suffered, and will continue to suffer irreparable harm, which will continue absent declaratory and injunctive relief.

### (G)    SEVENTH CLAIM FOR RELIEF (Tenn. Code Ann. § 1-3-121)

198. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

199. Tennessee has consented to constitutional claims (such as the ones presented in the instant complaint) against the state being brought in federal court when, by statutory enactment, Tennessee authorized suits "brought regarding the legality or constitutionality of a governmental action." See **Tenn. Code Ann. § 1-3-121**.

200.    The statute in pertinent part states:

> Notwithstanding any law to the contrary, a cause of action shall exist under this chapter for any affected person who seeks declaratory or injunctive relief in any action brought regarding the legality or constitutionality of a governmental action. A cause of action shall not exist under this chapter to seek damages.Tenn. Code Ann. 1-3-121. **Tenn. Code Ann. § 1-3-121**.

201.    The individual and collective actions of Defendant's  Core Civic, Damon Hininger

39

Grady Perry, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese, Frank Strada, Leah R. Thomas, Lee Dotson, Cole Turman (CMO) and Chris Chrysler (CMC) in implementing a custom, policy and regulation a denying Plaintiff the opportunity to participate in tablet related programs and activities, due to his sex/gender violates his rights under the Privileges and immunities Clause, the first Amendment Petition clause, the first Amendment Freedom of Expression clause, the Equal Protection Clause; and the Due Process Clause of the United States Constitution.

202. The individual and collective actions of the aforementioned Defendant's in implementing a custom, policy and regulation of rejecting Plaintiff's mail arbitrarily are in violation of Plaintiff's rights under the first Amendment Petition clause and the first Amendment Freedom of Expression clause.

### (H) EIGHTH CLAIM FOR RELIEF (*State Tort Claim: Negligence*)

203. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

204. Each of the herein named defendants, in the instant claim; *to-wit:* Core Civic, Damon Hininger Grady Perry, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese, Frank Strada, Leah R. Thomas, Lee Dotson, Cole Turman (CMO) and Chris Chrysler (CMC) are acting under the color of State law.

205. The individual and collective actions of the aforementioned Defendant's in implementing a custom, policy and regulation of denying Plaintiff the opportunity

40

to participate in tablet related programs and activities, due to his sex/gender in violation of his XIV Amendment rights to equal treatment; constitutes the tort of negligence under the law of the State of Tennessee.

206. The individual and collective actions of the aforementioned Defendant's in implementing a custom, policy and regulation of rejecting Plaintiff's mail arbitrarily in violation of the first Amendment Petition clause and the first Amendment Freedom of Expression clause, constitutes the tort of negligence under the law of the State of Tennessee.

**(I)      NINTH CLAIM FOR RELIEF (*State Tort Claim: Civil Conspiracy*)**

207. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

208. The individual and collective actions of Defendant's Core Civic, Damon Hininger Grady Perry, Rubenard Risper, Helen Moon, Danny Dodd, Lee Brewer, Kevin Genovese, Frank Strada, Leah R. Thomas, Lee Dotson, Cole Turman (CMO) and Chris Chrysler (CMC) in implementing a custom, policy and regulation of denying Plaintiff the opportunity to participate in tablet related programs and activities, due to his sex/gender in violation of his XIV Amendment rights to equal treatment; constitutes the tort of civil conspiracy under the law of the State of Tennessee.

209. The individual and collective actions of the aforementioned Defendant's in implementing a custom, policy and regulation of rejecting Plaintiff's mail arbitrarily in violation of the first Amendment Petition clause and the first Amendment

41

Freedom of Expression clause, constitutes the tort of civil conspiracy under the law of the State of Tennessee.

## X.    Relief:

210.    **WHEREFORE,** Plaintiff respectfully requests that the Court grant the following relief:

A.    Enter a declaratory judgment stating that:

i.    The defendants Core Civic, Damon Hininger Grady Perry, Rubenard Risper, Helen Moon, Danny Dodd, and Lee Brewer, by refusing to allow plaintiff access to a tablet on the basis of his sex, have violated Plaintiff's rights to equal protection under the XIV Amend U.S. Const. and constituted negligence and civil conspiracy.

ii.    The defendants Frank Strada, Leah R. Thomas, Lee Dotson, Kevin Genovese, Cole Turman (CMO) and Chris Chrysler (CMC) by refusing to allow plaintiff access to a tablet on the basis of his sex, have violated Plaintiff rights to equal protection under the XIV Amend U.S. Const. and constituted negligence and civil conspiracy.

iii.    By refusing to allow plaintiff access to e-filing/email access to Courts on the basis of his sex the defendants Core Civic, Damon Hininger Grady Perry, Rubenard Risper, Helen Moon, Danny Dodd, and Lee Brewer, have violated Plaintiffs rights to equal protection under the XIV Amend U.S. Const. and constituted negligence and civil conspiracy

iv.    by refusing to allow plaintiff access to long distance video visitation, on the basis of his sex, the defendants Core Civic, Damon Hininger Grady Perry, Rubenard Risper, Helen Moon, Danny Dodd, and Lee Brewer have violated Plaintiff rights to equal protection under the XIV Amend U.S. Const. and constituted negligence and civil conspiracy

v.    The defendants Core Civic, Damon Hininger Grady Perry,

42

Rubenard Risper, Helen Moon, Danny Dodd, and Lee Brewer by refusing to allow plaintiff access to Federally funded educational opportunities, on the basis of his sex, have violated Plaintiff rights under Title IX

B.      Issue an Injunction ordering defendant Grady Perry to:

    i.    allow Plaintiff Robertson to be given immediate access to a tablet;

C.      Award Compensatory Damages:

By this demand plaintiff seeks compensatory damages for injuries that ARE NOT "mental or emotional"[17].

Plaintiff has the right to demand and receive compensatory[18] damages for injuries suffered as a result of violations of his *1ˢᵗ Amend U.S. Const.* , *XIV Amend U.S. Const;* and other intangible rights[19] based on the particular circumstances of the instant case, none of which qualify as "mental and emotional injury"

    i.    Jointly and severally against defendants Core Civic, Damon Hininger Grady Perry, Rubenard Risper, Helen Moon, Danny Dodd, and Lee Brewer for purposefully subjecting Plaintiff to unequal treatment based on his sex

    ii.    Jointly and severally against defendants Frank Strada, Leah R. Thomas, Lee Dotson, Kevin Genovese, Cole Turman (CMO) and Chris Chrysler (CMC) for purposefully allowing Plaintiff to be discriminated against on the basis of his sex/gender

---

[17] See 42 U.S.C. § 1997e(e), general ban on damage awards for mental and emotional injury without demonstrating physical injury as well.

[18] While injuries sustained as a result of violations of Plaintiff's U.S. Constitution rights are compensable, Plaintiff acknowledges that neither compensatory nor punitive damages may be based on the "abstract importance of a Constitutional right.." *Memphis Comm. Sch. Dist v. Stachura,* 477 U.S. 299, 310; 106 S.Ct. 2537 (1986)

[19] *Sallier v. Brooks,* 343 F.3d 868 (6th Cir. 2003). (Affirming jury award of $750 in compensatory damages for each instance of unlawful opening of legal mail.)

43

D.    Award punitive Damages:

       i.    each against defendants Frank Strada, Leah R. Thomas, Lee Dotson,  Kevin Genovese,  Cole Turman (CMO) and Chris Chrysler (CMC)

      ii.    each against defendants Core Civic, Damon Hininger Grady Perry, Rubenard Risper, Helen Moon, Danny Dodd, and Lee Brewer

E.    Grant such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted this 4th day of June, 2024.

_# 322628_

Christopher D.  Robertson    #322628
S.C.C.F.; P.O.Box # 279
Clifton  Tenn, 38425

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COLUMBIA

Christopher Robertson, )
)
     *Plaintiff,* )
     vs. ) Case No.
)
Frank Strata, Core Civic, Damon )
Hininger, Grady Perry, Damon )
Hininger, Helen Moon, Leah R. Thomas; )
Chris Chrysler, Lee Dotson, Cole )
Turman, )
)
)
     *Defendants,* )

---

## DECLARATION OF CHRISTOPHER ROBERTSON

I, Christopher Robertson   TDOC # **322628**, pursuant to **28 U.S.C. § 1746**, make this Unsworn Declaration Under Penalty of Perjury as follows:

My name is Christopher Robertson, TDOC # **322628**.
I have prepared and reviewed the Verified Complaint set forth in the above-referenced matter and the facts contained therein, which pertain to me are true and accurate to the best of my knowledge and belief.
I understand that a false statement in this Declaration will subject me to penalties for perjury.
I declare under penalty of perjury that the fore going is true and correct.

Respectfully submitted this 4th day of June, 2024.

Christopher D. Robertson   #322628
S.C.C.F.; P.O.Box # 279
Clifton Tenn, 38425

45

Christopher Robertson # 322628
SCCF/HD-108
P.O. Box 279
Clifton, Tennessee 38425-0279



CERTIFIED MAIL

7019 1640 0000 2381 2402



US POSTAGE
$ 017.55

RECEIVED
JUN 11 2024
U.S. District Court
Middle District of TN

Court Clerks Office
U.S. District Court MIDDle District of TN.
719 Church Street, Suite 1300
U.S. Court House
Nashville TN, 37203



CCA/SOUTH CENTRAL
Has Neither Inspected
Nor Censored And Is
Not Responsible For The Contents